James R. Hawkins, Esq. SBN 192925
Gregory Mauro, Esq. SBN 222239
Samantha A. Smith, Esq. 233331
Michael Calvo, Esq. SBN 314986
**JAMES HAWKINS APLC**
9880 Research Drive, Suite 200
Irvine, CA 92618
TEL: (949) 387-7200
FAX: (949) 387-6676
Email: James@jameshawkinsaplc.com
Greg@jameshawkinsaplc.com
Samantha@jameshawkinsaplc.com
Michael@jameshawkinsaplc.com

Attorneys for Plaintiff, SANDRA QUINTANILLA
on behalf of herself and all others similarly situated

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| SANDRA QUINTANILLA individually and on behalf of all others similarly situated<br><br>        Plaintiff,<br><br>vs.<br><br>WW INTERNATIONAL, INC., dba WEIGHT WATCHERS, a Virginia Corporation<br><br>        Defendants. | Case No.   1:20-cv-06261-PAE<br><br>**THIRD AMENDED CLASS ACTION COMPLAINT**<br><br>1)  **Violation of California Consumer Legal Remedies Act, California Civil Code §§ 1750, *et. seq.* (injunctive relief only);**<br>2)  **Violation of California's Unfair Competition Law, California Business & Professions Code §§ 17200, *et. seq.*;**<br>3)  **Violation of California's False Advertising Law, California Business & Professions Code §§17500, *et. seq.*;**<br>4)  **Money Had and Received;**<br>5)  **Unjust Enrichment;**<br>6)  **Breach of Contract; and**<br>7)  **Violation of California's Weight Loss Contracts Act §§ 1694.5 *et. seq.***<br><br>**JURY TRIAL DEMANDED** |

- 1 -

THIRD AMENDED CLASS ACTION COMPLAINT

Plaintiff SANDRA QUINTANILLA (hereinafter "Plaintiff") individually and on behalf of all others similarly situated assert claims against Defendants WW INTERNATIONAL, INC., dba WEIGHT WATCHERS (hereinafter "WEIGHT WATCHERS" or "Defendants") as follows:

**I.**

**INTRODUCTION**

1.     This is a consumer protection class action pursuant to Fed.R.Civ.P. 23 and its counterparts brought against Defendants and any subsidiaries and affiliated companies on behalf of Plaintiff and all others similarly situated.

2.     WEIGHT WATCHERS is a global company specializing in providing services for a monthly fee to assist in healthy habits, including weight loss and maintenance, and fitness. WEIGHT WATCHERS has "Workshop" locations across the United States, including in California. On March 16, 2020, as the Coronavirus pandemic grew throughout the world, Defendants closed all of its Workshop locations across the country, preventing Plaintiff and others from using all the services covered by the monthly Workshop Membership fee. Despite not offering all of its promised services, WEIGHT WATCHERS continues to unlawfully and unfairly charge the full monthly Workshop Membership fee.  Plaintiff seeks to recover monies for loss of use of the monthly Workshop services.

3.     Plaintiff seeks relief in this action individually and on behalf of all of consumers nationwide, and in the State of California, who paid the full monthly Workshop Membership fees after Defendants closed access to its Workshop locations without any refund.

**II.**

**JURISDICTION AND VENUE**

4.     This Court has original jurisdiction over the controversy pursuant to 28 U.S.C. §1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one class member is a citizen of a state different from Defendant. This Court has personal jurisdiction over the Defendants because they have sufficient minimum contacts in the State to render the exercise

- 2 -

of jurisdiction by this Court proper and necessary. Defendants intentionally avail themselves of the markets within this State through the promotion, sale, marketing, and distribution of their services.

5.    Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim(s) occurred in this judicial district. Defendants are within the jurisdiction of this Court for service of process purposes. The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated. Venue is further proper here in accordance with Weight Watchers' terms and conditions, which designate that all disputes arising under the membership agreement shall be filed only in the state or federal courts located in New York County in the state of New York.

### III.

### PARTIES

6.    Plaintiff is a citizen of California, residing in Santa Paula, California.   At all relevant times, Plaintiff was enrolled in a WEIGHT WATCHERS' Workshop Membership program and has been paying a monthly fee.

7.    Defendant WEIGHT WATCHERS is a Virginia corporation with its headquarters, upon information and belief, located at 675 Avenue of the Americas, New York, NY. Defendant operates and maintains over 3,000 brick and mortar Workshop locations across the United States, including California.

8.    Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

9.    Plaintiff is informed and believes, and based thereon alleges, that Defendants acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

THIRD AMENDED CLASS ACTION COMPLAINT

**IV.**

**FACTUAL BACKGROUND**

10.    Defendants operate nationwide weight loss support programs and have a website (https://www.weightwatchers.com/us/) to enroll.  WEIGHT WATCHERS offer three types of membership subscriptions – Digital Membership, Workshop + Digital Membership, and Personal Coaching +Digital Membership.

    a.    The Digital Membership provides electronic access only via the WEIGHT WATCHERS' website and app. This is the least expensive membership option, offered at a standard monthly plan rate of $20.95.[1]

    b.    The Workshop + Digital Membership provides all of the benefits of the Digital Membership, plus access to "in-person coaching and community-based learning through [WEIGHT WATCHERS'] weekly Workshops." The Workshops + Digital Membership is offered at a standard monthly plan rate of $44.95.

    c.    The Personal Coaching + Digital Membership provides all of the benefits of the Workshop + Digital Membership, plus one-on-one personal coaching. The Personal Coaching + Digital Membership is offered at a standard monthly rate of $54.95.[2]

11.    On its website, WEIGHT WATCHERS touts that it holds more than 40,000 in-person Workshop meetings each week where members receive group support and learn about healthy eating patterns, behavior modification and physical activity. (https://www.weightwatchers.com/about/crp/index.aspx).

12.    In or around November 17, 2018, Plaintiff signed up for the Workshop + Digital Membership at a monthly membership rate of $44.95. Plaintiff signed up for this program, in part, because she wanted to participate in the weekly in-person support meetings.

---

[1] Membership pricing may vary slightly by location.
[2] The Workshop + Digital Membership and Personal Coaching + Digital Membership are collectively referred to, throughout this complaint, as "Workshop Memberships."

THIRD AMENDED CLASS ACTION COMPLAINT

13.     On March 16, 2020, as the coronavirus pandemic spread throughout the United States, Defendants closed all of its physical Workshop locations and prevented members from accessing any in-person services associated with the Workshop Membership programs.

14.     Despite closing its locations and not offering all promised in-person Workshop services, after March 16, 2020, WEIGHT WATCHERS continued charging its members full monthly membership fees for the in-person Workshop Memberships.

15.     On March 18, 2020, Plaintiff's full monthly fee of $44.95 for the Workshop + Digital Membership was debited from Plaintiff's account.

16.     On May 11, 2020, Plaintiff contacted Defendants' customer service department via its online chat function, seeking to cancel her membership. Instead of refunding Plaintiff and cancelling her membership, Defendants encouraged Plaintiff to try the electronic (virtual) program and, in turn, offered to provide the next two months for free. As such, Defendants did not debit Plaintiff for the next two payment cycles.

17.     Thereafter, Defendants continued to debit Plaintiff the regular monthly fee of $44.95, and continues to do so to date, even though Defendants' physical Workshop locations remain closed. Plaintiff was at no time reimbursed for any part of her monthly fee.

18.     After the closure of its physical Workshop locations, Defendants downgraded Workshop Memberships to memberships equivalent to the Digital Membership by only offering electronic access to its services originally provided via its brick and mortar Workshop locations. Despite unilaterally downgrading all members to a Digital Membership, which is offered at a lower cost than the memberships offering in-person Workshop services (*see* ¶ 10, above), Defendants unfairly and unlawfully charged, and continues to charge, its members the full monthly membership fees for the in-person Workshop Memberships.

19.     Indeed, Paragraph 7 of Defendants' Terms and Conditions titled "Refunds" recognizes consumers' reasonable expectation to have access to Workshop locations as it carves out an exception to Defendants' rigid nonrefundable membership policy in the event of Workshop closures. Specifically, it states in the event a consumer wishes to cancel a membership

- 5 -

THIRD AMENDED CLASS ACTION COMPLAINT

due to a Workshop closure "prior to the end of a period for which [the consumer] incurred a charge, then, with the exception of any fixed upfront fee [Defendant] may have charged, Defendant will refund any unused portion of such period."

20.     Plaintiff and Class Members relied on Defendants' representations regarding in-person Workshop services when signing up for the Workshop Memberships and had a reasonable expectation, based on Defendants' representations, that all in-person Workshop services would be provided at that price.

21.     Plaintiff and Class Members were injured when they were forced to pay the full Workshop Membership prices after Defendants unilaterally downgraded all memberships to an electronic-only membership equivalent to the Digital Membership. Had Plaintiff and Class Members known Defendants would charge the full monthly Workshop Membership prices for even when Plaintiff and Class Members did not have access to any Workshops, they either would not have signed up for the in-person Workshop Memberships or paid much less for those memberships.

**22.**     As of date, Defendants have not issued/offered refunds after unilaterally downgrading the Workshop Memberships to Digital equivalent memberships. By not doing so, Defendants are able to unlawfully and unfairly profit tens of millions of dollars at Plaintiff's and Class Members' expense.

**IV.**

**CLASS DEFINITION AND ALLEGATIONS**

23.     Pursuant to Fed.R.Civ.P. Rule 23(a) (1)-(4) and 23(b) (3), this action is brought and may be properly maintained as a class action. This action satisfies the ascertainability, numerosity, typicality, commonality, adequacy, predominance, and superiority requirements of those provisions.

24.     Pursuant to Federal Rules of Civil Procedure 23, Plaintiff brings this action on behalf of herself and on behalf of all members of the following class and subclass of similarly situated individuals (hereinafter collectively "Class Members"):

**Class:**

All individuals in the United States who paid monthly membership fees to Defendants for a Workshop Membership program that included access to services at Defendants' Workshop locations from March 16, 2020, to a date to be determined.

**California Subclass:**

All individuals in California who paid monthly membership fees to Defendants for a Workshop Membership program that included access to services at Defendants' Workshop locations from March 16, 2020 to a date to be determined.

25.     Excluded from the Class Members are (1) Defendants, each of its corporate parents subsidiaries and affiliates, officers and directors, and any entity in which Defendants have a controlling interest; (2) persons who properly and timely request to be excluded; and (3) the legal representatives, successors, or assigns of any such excluded person or entities.

26.     **Numerosity.** The Class Members consists of thousands, if not hundreds of thousands, of WEIGHT WATCHERS customers and is thus so numerous that joinder of all members is impractical.  Although the exact number of members is currently unknown to Plaintiff, the identities and addresses of the Class Members can be readily determined from business records maintained by Defendants.

27.     **Typicality.**  Plaintiff's claims are typical of those belonging to Class Members and stem from Defendants' improper and illegal practices as alleged in this complaint.  Plaintiff is advancing the same claims and legal theories on behalf of herself and all members of the Class.

28.     **Adequacy of Representation**.  Plaintiff will fairly and adequately protect the interests of the members of the Class Members.  Plaintiff has retained highly competent counsel and experienced class action attorneys to represent her interests and that of the Class Members.

THIRD AMENDED CLASS ACTION COMPLAINT

Plaintiff and her counsel have the financial resources to adequately and vigorously litigate this class action.  Plaintiff has no adverse or antagonistic interests to those of the Class.  Plaintiff is willing and prepared to serve the Court and the Class Members in a representative capacity with all of the obligations and duties material thereto and is determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for Class Members.

29.   **Common questions of law and fact predominate** over any individualized questions affecting Class Members. Such questions include, but are not limited to:

a.   Whether Defendants should refund or credit Plaintiff and Class Members for monthly membership fees paid after March 16, 2020;

b.   Whether Plaintiff and Class Members are entitled to declaratory relief;

c.   Whether Plaintiff and Class Members are entitled to preliminary or permanent injunctive relief, or other equitable relief, against Defendants;

d.   Whether Defendants' alleged conduct violates public policy;

e.   Whether a breach of contract including a breach of the implied covenant of good faith and fair dealing occurred; and

f.   Whether the alleged conduct constitutes violations of the laws asserted.

30.   **Superiority.**  A class action is superior to other available methods for the fair and efficient adjudication of this controversy since individual joinder of all Class Members is impractical. The injuries suffered by individual Class Members are, though important to them, relatively small compared to the burden and expense of individual prosecution needed to address Defendants' conduct.  Furthermore, even if Class Members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.  Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

31.     Plaintiff cannot be certain of the form and manner of a proposed notice to Class Members until the Class is finally defined and discovery is completed regarding the identity of Class Members. Plaintiff anticipates, however, that notice by mail or email will be given to Class Members who can be identified specifically.  In addition, notice may be published in appropriate publications, on the Internet, in press releases and in similar communications in a way that is targeted to reach class members.  The cost of notice, after class certification, trial, or settlement before trial, should be borne by Defendants.

32.     Unless a Class is certified, Defendants will retain monies received as a result of its conduct that were taken from Plaintiff and Class Members. Unless a Class-wide injunction is issued, Defendants will continue to commit the violations alleged, and the members of the Class and the general public will continue to be deceived

33.     Plaintiff reserves the right to modify or amend the definition of the proposed Class at any time before the Class is certified by the Court.

**VI**.

**CAUSES OF ACTION**

**First Cause of Action**

**Violation of California Consumer Legal Remedies Act ("CLRA"),**

**California Civil Code §§ 1750 (injunctive relief only)**

34.     Plaintiff repeats and incorporates herein by reference every allegation set forth above, as though fully set forth herein.

35.     Plaintiff brings this claim individually and on behalf of the proposed Class Members against Defendants.

36.     Plaintiff and Class Members are consumers, as defined by California Civil Code §1761(d), who paid fees for use of Defendants' services for personal purposes. Defendants' program is a "service" within the meaning defined by California Civil Code §1761(b).

37.     Defendants' retention of Plaintiff's and Class Members' monthly membership fees without providing all promised benefits of the membership, including full in-person access to

- 9 -

services at Workshop locations, is an unfair business practice in violation of CLRA.

38.     Defendants violated and continue to violate the CLRA by engaging in the following practices, proscribed by California Civil Code § 1770(a), in transactions with Plaintiff and the Class which were intended to result in, and did result in, the sale of Defendants' monthly membership program:

> (5) Representing that goods or services have…characteristics…uses, benefits…that they do not have…;
>
> (7) Representing that goods or services are if a particular standard, quality or grade…if they are of another;
>
> (9) Advertising goods or services with the intent not to sell them as advertised; and
>
> (16) Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

39.     Defendants violated the CLRA by representing and failing to disclose material facts regarding its monthly membership program, as described above, when they knew, or should have known, that the representations were false and misleading and that the omissions were of material facts they were obligated to disclose.

40.     Plaintiff and the Class Members acted reasonably when they purchased and paid for a WEIGHT WATCHERS program expecting continued use of its original promised services. Plaintiff and the Class suffered injuries caused by Defendants because they have paid for and been deprived of the full value of Defendants' services.

41.     Plaintiff and the other Class Members' injuries were proximately caused by Defendants' fraudulent and deceptive business practices.  However, Plaintiff and the other Class Members reserve any claim for damages under the CLRA and by this Complaint bring only an action for injunctive relief under the CLRA pursuant to § 1782(d) of the Act.

42.      Pursuant to California Civil Code §1782(d), Plaintiff and the Class seek a Court order enjoining the above-described wrongful acts and practices of Defendants.

43.     Pursuant to § 1782 of the Act, Plaintiff provided Defendants with written notice of

THIRD AMENDED CLASS ACTION COMPLAINT

its violations of the CLRA on May 21, 2020, which is attached hereto as **Exhibit A** demanding that Defendants rectify the problems associated with the actions detailed above and give notice to all affected consumers of Defendants' intent to so act.

44.     Defendants have failed to rectify or agree to rectify the problems associated with the action detailed above and give notice to all affected consumers within 30 days of the date of written notice pursuant to § 1782 of the Act. Accordingly, Plaintiff seeks actual, punitive, and statutory damages, as appropriate, under § 1780 of the Act.

45.     Pursuant to §1780(d) of the Act, attached hereto as **Exhibit B** is the affidavit showing that this action has been commenced in the proper forum.

46.     WHEREFORE, Plaintiff, and the Class Members she seeks to represent, request relief as described herein and below.

### Second Cause of Action

### Violation of Unfair Competition Law

### (Bus. & Prof. Code, §§ 17200-17208)

47.     Plaintiff repeats and incorporates herein by reference every allegation set forth above, as though fully set forth herein.

48.     Plaintiff brings this claim individually and on behalf of the Class Members.

49.     Business & Professions Code Section 17200 provides:

As used in this chapter, unfair competition shall mean and include any unlawful, unfair, or fraudulent . . . business act . . .

50.     Defendants' retention of the monthly fees without providing the full services promised, as set forth above, constitutes unlawful and/or unfair business acts or practices.

51.      A business act or practice is "unlawful" if it violates any established state or federal law.

52.     In the course of conducting business, Defendants committed unlawful business practices by making the misrepresentation and omissions described herein. Defendants violated Cal. Civ. Code §§ 1572, 1573, 1694.5, 1709, 1711, 1770(a)(5), (7), (9) and (16); California

THIRD AMENDED CLASS ACTION COMPLAINT

Business & Professions Code §§ 17500 *et seq.*; and the common law, including breach of contract. Defendants' above-described wrongful acts and practices constitute actual and constructive fraud within the meaning of Civil Code §§ 1572 and 1573, as well as deceit, which is prohibited under Civil Code §§ 1709 and 1711.

53.  Plaintiff and the Class reserve the right to allege other violations of law, which constitute other unlawful business acts or practices. Such conduct is ongoing and continues to this date.

54.  A business act or practice is "unfair" under the Unfair Competition Law if the reasons, justifications and motives of the alleged wrongdoer are outweighed by the gravity of the harm to the alleged victims.

55.  Defendants' acts and practices, as described above, has the effect of misleading consumers into believing they will have full access to all of the program benefits by paying the monthly fee.

56.  As a result of the conduct described above, Defendants have been, and will continue to be, unjustly enriched at the expense of Plaintiff and members of the proposed Class. Specifically, Defendants have been unjustly enriched by the profits it has obtained from the monthly fees paid by Plaintiff and the Class.

57.  Through its unlawful, unfair, and fraudulent acts and practices, Defendants have obtained, and continue to unfairly obtain, money from members of the Class.  As such, Plaintiff requests that this Court cause Defendants to restore this money to Plaintiff and all Class Members, to disgorge the profits Defendants made on these transactions, and to enjoin Defendants from continuing to violate the Unfair Competition Law as discussed herein. Otherwise, the Class may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

58.  WHEREFORE, Plaintiff and the Class Members she seeks to represent request relief as described herein and below.

THIRD AMENDED CLASS ACTION COMPLAINT

**Third Cause of Action**

**Violation of California's False Advertising Law,**

**California Business & Professions Code §§17500, *et. Seq***

59.     Plaintiff repeats and incorporates herein by reference every allegation set forth above, as though fully set forth herein.

60.     Plaintiff brings this claim individually and on behalf of the Class Members.

61.     California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500,  *et seq.*, makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, ... in any advertising device ... or in any other manner or means whatever, including over the Internet, any statement, concerning ... personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

62.     Defendants engaged in a scheme of charging customers their monthly membership fee even after they closed their Workshop locations, consequently, denying the full benefits of the Workshop memberships to Plaintiff and the Class Members.

63.      Defendants' advertisements and inducements were made in California and come within the definition of advertising as contained in Bus. & Prof. Code § 17500, *et seq*. in that the promotional materials were intended as inducements to enroll in WEIGHT WATCHERS programs, and are statements disseminated by Defendants to Plaintiff and Class Members. Defendants knew that these statements were inaccurate and misleading.

64.     Defendants' advertising that the WEIGHT WATCHERS programs are accessible, and that its customers would have access to its various Workshop locations and services upon paying a monthly membership fee is false and misleading to reasonable consumers, including Plaintiff, because Defendants in fact closed its Workshop locations while continuing to charge customers for full access.

65.     Defendants violated § 17500, *et seq*. by misleading Plaintiff and Class Members to

THIRD AMENDED CLASS ACTION COMPLAINT

believe that they would be charged the full fees for Workshop memberships only when they have access to Workshops.

66.     Defendants knew, or should have known, through the exercise of reasonable care that its advertising of its Workshops as being accessible is false and misleading. Further, Defendants knew or should have known that it was breaching its contracts with its customers and fraudulently charging fees when it continued charging fees while the Workshop locations were closed.

67.     Plaintiff and Class Members lost money or property as a result of Defendants' violation because (a) they would not have purchased or paid for WEIGHT WATCHERS absent Defendants' representations and omission of a warning that it would continue charging customers' credit cards and debit cards while Workshop locations nationwide are closed; (b) they would not have purchased or paid for a Workshop Membership program on the same terms absent Defendants' representations and omissions; (c) they paid a price premium for a Workshop Membership program based on Defendants' misrepresentations and omissions; and (d) Workshop Membership programs did not have the characteristics, benefits, or quantities as promised.

## Fourth Cause of Action

### Money Had and Received

68.     Plaintiff repeats and incorporates herein by reference every allegation set forth above, as though fully set forth herein.

69.     Plaintiff brings this claim individually and on behalf of the Class Members.

70.     Defendants received and continue to receive monthly Workshop Membership fees that were intended to be used for the benefit of Plaintiff and the Class Members.  Defendants did not use those membership fees for the benefit of Plaintiff and the Class Members and has not returned any of the wrongfully obtained money.

71.     WHEREFORE, Plaintiff, and the Class Members she seeks to represent, request relief as described herein and below.

THIRD AMENDED CLASS ACTION COMPLAINT

1

2

**Fifth Cause of Action**

**Unjust Enrichment**

3

4

72.     Plaintiff repeats and incorporates herein by reference every allegation set forth above, as though fully set forth herein.

5

6

73.     Plaintiff brings this claim individually and on behalf of the Class Members.

7

74.     Plaintiff and Class Members conferred benefits on Defendants by paying its monthly Workshop Membership fees.

8

9

75.     Defendants have knowledge of such benefits.

10

76.     Defendants have been unjustly enriched in retaining the revenues derived from Plaintiff and Class Members' monthly Workshop Membership fees without providing the expected full services.

11

12

13

77.     Retention of Plaintiff's and Class Members monthly Workshop Membership fees under these circumstances is unjust and inequitable because Defendants are not providing all of the Workshop Membership benefits they represented and promised to Plaintiff and Class Members, including access to its Workshop locations.

14

15

16

17

78.     Defendants retention of the monthly Workshop Membership fee injures Plaintiff and Class Members because they are not receiving the full benefits of Defendants' monthly Workshop Membership services.

18

19

20

79.     Because Defendants' retention of the non-gratuitous benefits conferred on it by Plaintiff and Class Members is unjust and inequitable, Defendants must pay restitution to Plaintiff and members of the Class for Defendants' unjust enrichment, in an amount to be determined at trial.

21

22

23

24

80.     WHEREFORE, Plaintiff, and the Class she seeks to represent, request relief as described herein and below.

25

26

27

28

THIRD AMENDED CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>Sixth Cause of Action</u>**

**Breach of Contract, Including Breach of the Implied Covenant of Good Faith and Fair Dealing**

81.     Plaintiff repeats and incorporates herein by reference every allegation set forth above, as though fully set forth herein

82.     Plaintiff brings this claim individually and on behalf of the Class Members.

83.     At all relevant times, Plaintiff and the Class paid monthly Workshop Membership fees to Defendants and have otherwise performed all obligations under the contract.

84.     As alleged above, Defendants owed duties and obligations to Plaintiff including the duty to only charge Plaintiff and the Class Workshop Membership fees if Defendants provided the Workshop Membership benefits to Plaintiff and the Class.

85.     In addition, every contract imposes a duty of good faith and fair dealing on the parties with respect to the performance and enforcement of the terms of the contract. Broadly stated, the covenant requires that neither party do anything which will deprive the other of the benefits of the agreement. The implied covenant is aimed at making effective the agreement's promises, and it is breached when a party seeks to prevent the contract's performance or to withhold its benefits from the other party.

86.     Defendants breached the covenant of good faith and fair dealing because, to the extent Defendants had the discretion to bill the monthly Workshop Membership rate, that discretion was sufficiently constrained under the terms of the contract to support an implied obligation of good faith and fair dealing.

87.     Defendants exercised its discretion in bad faith and breached the implied covenant of good faith and fair dealing by, among other things charging Plaintiff and the Class Workshop Membership and usage fees even after Defendant closed its physical Workshop locations and by not refunding the full amount of the charges.

88.     Defendants' contractual breaches, including its breach of the implied covenant of good faith and fair dealing, caused Plaintiff and the Class to suffer damages in an amount to be

- 16 -

determined at trial.

89.     WHEREFORE, Plaintiff, and the Class Members she seeks to represent, request relief as described herein and below.

### Seventh Cause of Action

**Violation of California's Weight Loss Contracts Act, Civil Code §§ 1694.5, *et seq*.**

90.     Plaintiff repeats and incorporates herein by reference every allegation set forth above, as though fully set forth herein.

91.     Plaintiff brings this claim individually and on behalf of the Class Members.

92.     Plaintiff's monthly membership with Defendants is "a weight loss contract" as defined in Cal. Civ. Code § 1694.5 as it is a membership in a group formed for the purposes of providing instruction, counseling, supervision, or assistance in weight reduction, body shaping, diet, and/or eating habits.

93.     Although Plaintiff entered into a monthly membership contract with Defendants, Defendants ceased their in-person Workshop services such as in-person group meetings, weigh-ins, product purchasing, and other services only provided via brick and mortar locations. When Plaintiff requested a refund from Defendants, Defendants refused. Consequently, Defendants have violated § 1694.6.

94.     Defendants further violated Cal. Civ. Code § 1694.7(b) because the contracts entered into by Plaintiff and the Class did not contain, on their face, and in close proximity to the space reserved for the signature of the buyer, a conspicuous statement in a size equal to at least 10-point boldface type, as follows: "You, the buyer, may cancel this agreement, without any penalty or obligation, at any time prior to midnight of the original contract seller's third business day following the date of this contract, excluding Sundays and holidays. To cancel this agreement, mail or deliver a signed and dated notice, or send a telegram which states that you, the buyer, are canceling this agreement," or words of similar effect.

95.     Defendants also violated Cal. Civ. Code § 1694.9(b) by advertising that its customers would have access to its in-person Workshops upon paying a Workshop Membership

THIRD AMENDED CLASS ACTION COMPLAINT

fee is false and misleading to reasonable consumers, including Plaintiff, because Defendant in fact cancelled all in-person Workshop services while continuing to charge its customers the full price of Workshop Memberships. Reasonable consumers such as Plaintiff and Class Members would reasonably have believed that they would be charged fees only when members have access to and usage of Defendants' physical Workshop locations and all in-person Workshop services.

96.     Defendants' actions were thus willful. Defendants knew or should have known that Defendants were breaching its contracts with customers and fraudulently charging fees when it continued charging full Workshop Membership fees while all of its physical Workshop locations and all in-person Workshop services were closed, cancelled, or non-accessible to Plaintiff and Class Members.

97.     Each of these violations thus independently renders the contracts entered into by Plaintiff and Class Members void and unenforceable and may be cancelled at any time. *See* Cal. Civ. Code §§ 1694.7(e), 1694.9(a); and 1694.9(d).

98.     As a result, Plaintiff and the Class Members seek to recover actual damages, including all Workshop Membership or installment fees paid while members did not have access to and usage of Defendants' physical Workshop locations and all in-person Workshop services, the trebling thereof, and reasonable attorneys' fees.

## VII.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

1.  Certifying the Class and California Subclass as requested and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class Members;

2.  Award declaring that Defendants' conduct violates the statutes and laws referenced herein;

THIRD AMENDED CLASS ACTION COMPLAINT

3.   For an award finding in favor of Plaintiff and the Class Members on all counts asserted herein;

4.   For damages in amounts to be determined by the Court and/or jury;

5.   For prejudgment interest on all amounts awarded;

6.   For an order of restitution and all other forms of equitable monetary relief;

7.   For injunctive relief as pleaded or as the Court may deem proper;

8.   For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit; and

9.   For such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial of her claims by jury to the extent authorized by law.

DATED: October 14, 2020                    JAMES HAWKINS APLC


By:   /s/ Gregory Mauro
JAMES HAWKINS
GREGORY MAURO
SAMANTHA A. SMITH
MICHAEL CALVO

Attorneys for Plaintiff
SANDRA QUINTANILLA, individually and
on behalf of all others similarly situated

- 19 -

THIRD AMENDED CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

THIRD AMENDED CLASS ACTION COMPLAINT

# JAMES *JH* HAWKINS
### ATTORNEYS AT LAW

9880 Research Drive, Suite 200, Irvine, California 92618
TELEPHONE (949) 387-7200, FACSIMILE (949) 387-6676

May 21, 2020

**Via Certified Mail**
WW INTERNATIONAL, INC.,
**Agent for Service of Process:** CSC – Lawyers Incorporating Service
2710 Gateway Oaks Drive., Suite 150N
Sacramento, CA 95833
Receipt No.   7018 1130 0001 8270 3770

     **Re:**    *Demand Letter Pursuant to California Civil Code Section 1782*

Dear Sir or Madam:

This letter serves as notice and demand for corrective action WW International, Inc., which is currently doing business as Weight Watchers ("Weight Watchers") pursuant to the Consumer Legal Remedies Act, California Civil Code Section 1750 *et al.* ("CLRA").  This letter is sent on behalf of our client, Sandra Quintanilla, a member of Weight Watchers in the state of California, and all other persons similarly situated.  We hereby demand that you take immediate corrective action within thirty (30) days as further described below.

Weight Watchers is a global company specializing in providing services to assist in healthy habits, including weight loss and maintenance, and fitness.  Weight Watchers maintains over 3,000 locations across the United States, including California and provides the above services and access to over 40,000 weekly meetings for a monthly membership fee, whereby members receive group support and learn about healthy eating patterns, behavior modification and physical activity.

While members previously had access to these locations and services, these locations and the services originally provided are no longer accessible to members due to the closure of all Weight Watchers locations across the United States after March 16, 2020.

In order to induce new members and current members to purchase and/or continue their membership, Weight Watchers intentionally misled them into believing that they would have continued access to all services offered by Weight Watchers prior to March 16, 2020.  This conduct violates the CLRA, including but not limited to sections 1770(a) (5), (7), and (9).  Weight Watchers has misled and continues to mislead consumers, thereby unfairly permitting Weight Watchers to increase its sales and to capture market share from its competitors.

1

Our client is a citizen of the State of California and is a consumer as defined in California Civil Code section 1761(d) because she pays a monthly membership fee to Weight Watchers for personal, family, or household use. When our client paid her membership fees after March 16, 2020, she was misled into believing that she would have continued access to the locations and services originally provided by Weight Watchers. Had Ms. Quintanilla known the truth about Weight Watcher's misrepresentations and omissions, she either would not have continued paying her membership fee or would have paid much less for it. As a result, our client suffered a loss of money.

We hereby demand on behalf of our client and all others similarly situated that Weight Watchers immediately: (1) cease and desist from continued charging of full price of membership fees of the misrepresented services; (2) initiate a corrective advertising campaign to inform potential consumers and members of Weight Watcher's true service offerings; and (3) offer to refund the membership price of its services, plus reimbursement for interest.

If Weight Watchers wishes to enter into discussions to resolve the demand asserted in this letter, please contact me immediately.

Sincerely,

**JAMES HAWKINS APLC**

Gregory Mauro, Esq.

Enclosed: Consumer Class Action Complaint

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT B**

THIRD AMENDED CLASS ACTION COMPLAINT

JAMES HAWKINS APLC
JAMES R. HAWKINS SBN 192925
GREGORY MAURO, SBN 222239
9880 Research Drive, Suite 200
Irvine, California 92618
Telephone: (949) 387-7200
Facsimile:  (949) 387-6676
James@jameshawkinsaplc.com
Greg@jameshawkinsaplc.com
Michael@jameshawkinsaplc.com

Attorneys for Plaintiff SANDRA QUINTANILLA, individually and on behalf of all others similarly situated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA QUINTANILLA individually and on behalf of all others similarly situated<br><br>    Plaintiff,<br><br>vs.<br><br>WW INTERNATIONAL, INC., dba WEIGHT WATCHERS, a Virginia Corporation, and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No.<br><br>**AFFIDAVIT OF VENUE BY PLAINTIFF SANDRA QUINTANILLA** |

- 0 -

DECLARATION OF SANDRA QUINTANILLA

1  I, SANDRA QUINTANILLA, declare as follows:

2      1.      I am over the age of 18 and have personal knowledge of the facts set forth in this

3  declaration, and I am competent to testify to the matters stated in this declaration under oath. I

4  am the named Plaintiff in the above-specified action.

5      2.      Pursuant to Cal. Civ. Code §1780(d), I make this Declaration in support of the Class

6  Action Complaint and the claim for relief stated in that complaint under Cal. Civ. Code §

7  1780(a).

8      3.      The Action for relief under Cal. Civ. Code § 1780(a) has been commenced in a

9  county that is a proper place for trial of this action because I reside in Ventura County, and this is

10  the county where the transaction or any substantial portion thereof occurred.

11      I declare under penalty of perjury under the laws of the State of California that the

12  foregoing is true and correct. Executed on May ___, 2020 in Ventura, California.
     20, 2020

DocuSigned by:

_Sandra Q_
58180660091E490...

SANDRA QUINTANILLA

- 1 -

DECLARATION OF SANDRA QUINTANILLA

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 14, 2020 I electronically filed the foregoing with the Clerk of the Court for the U.S. District Court, for the Southern District of New York using the CM/ECF system. All participants are registered CM/ECF users, and will be served by the CM/ECF system.

Dated: October 14, 2020                    */s/ Gregory Mauro*
                                                        Gregory Mauro, Esq.

PROOF OF SERVICE